CRAIG CARPENITO
UNITED STATES ATTORNEY
BY: PETER W. GAETA
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL:  (973) 645-2927
FAX: (973) 297-2042
PETER.GAETA@USDOJ.GOV

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Hon.** |
| **v.** | : | **Civil Action No. 19-** |
| **$1,079,000 IN UNITED STATES CURRENCY,** | : | **VERIFIED COMPLAINT FOR FORFEITURE _IN REM_** |
| | : | |
| **Defendant _in rem_.** | | |

Plaintiff the United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey, for its verified complaint (the "Complaint") alleges, upon information and belief, as follows:

### I.  NATURE OF THE ACTION

1.     This action is brought by the United States of America seeking the forfeiture of $1,079,000 in United States currency seized on or about February 14, 2017 from a vehicle driven by Ramon Verduzco-Lopez after a motor vehicle stop in Hargrave, California (hereinafter referred to as the "Defendant in rem" or the "defendant property").

2.     The Defendant in rem is subject to seizure and forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), which subjects to

forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

## II.  **JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4.     Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the District of New Jersey.

5.     The Defendant in rem is being held on deposit by the United States Marshals Service ("USMS") for the Central District of California in the USMS Seized Asset Deposit Fund account at the Federal Reserve Bank, New York, New York.

## III.  **FACTS**

6.     In or about November 2015, law enforcement began investigating a narcotics trafficking and money laundering organization operating between New Jersey and California.  The investigation determined that individuals were involved in receiving shipments of cocaine and heroin in California and transporting the narcotics to New Jersey.

7.     As a result of the investigation, law enforcement identified Eduardo Barragan Zuninga ("Barragan"), and determined that Barragan, a co-conspirator ("CC-1"), and others were using a warehouse unit in Huntingdon Valley, Pennsylvania (the "Warehouse Unit") to receive shipments of machinery from California.  Law enforcement discovered that narcotics were stored in the machinery that was shipped to Pennsylvania from California.

8.     Barragan and, at times, CC-1, traveled from New Jersey to the Warehouse Unit to receive deliveries of pallets, which appeared to contain large industrial machines shrink-wrapped in plastic, but which also contained narcotics.

9.     On or about March 4, 2016, law enforcement obtained a search warrant for the Warehouse Unit.  Law enforcement executed the search warrant on March 7, 2016, after observing Barragan use a forklift to offload two pallets from a nearby flatbed truck, and place the pallets inside the Warehouse Unit.

10.    The execution of the search warrant and an examination of one of the industrial machines that had been on the two pallets uncovered approximately nine packages wrapped in a black tape and submerged in hydraulic fluid with a weight attached to each package to keep it submerged.  It was later determined that five of these packages were kilograms of cocaine and the other four were kilograms of heroin.

11.    Also on March 7, 2016, Barragan was apprehended by law enforcement while attempting to flee the area, and was arrested.  On April 20,

2018, Barragan was sentenced 120 months in prison after pleading guilty to a one-count information charging him with conspiracy to distribute and possess heroin and cocaine, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846.  *See United States v. Eduardo Barragan Zuninga*, 17-cr-452 (PGS).

12.    Subsequent to Barragan's arrest, law enforcement discovered that Barragan's drug trafficking organization ("DTO"), which had rented both the Warehouse Unit and at least one property in Bayonne, New Jersey, was also renting a residence located at 1031 Wildrose Avenue, in Pomona, California (hereinafter, "1031 Wildrose Avenue").

13.    On or about February 14, 2017, at 8:30 a.m., law enforcement initiated surveillance in the area of 1031 Wildrose Avenue.  During that surveillance, at approximately 10:39 a.m., law enforcement observed a subject, later identified as Ramon Verduzco-Lopez ("Verduzco-Lopez"), pull up in front of 1031 Wildrose Avenue.

14.    Verduzco-Lopez was operating a grey 2016 Honda Civic bearing a Mexican license plate (the "Honda").  Shortly thereafter, an unidentified male operating a red Ford pick-up truck (the "truck") with a Mexican license plate pulled into the driveway of 1031 Wildrose Avenue, exited the truck, and opened the garage.

15.    After opening the garage, the unidentified male backed a Jeep Liberty out of the garage and Verduzco- Lopez pulled the Honda into the garage.  The unidentified male retrieved two backpack-style bags from the red

truck and took them into the garage out of view.  He then retrieved two large weighted duffel bags from the truck and took them into the garage out of view. Both Verduzco-Lopez and the unidentified male were then in the garage and closed the door.

16.    At approximately 11:50 a.m., the garage door opened and both Verduzco-Lopez and the unidentified male exited.  Verduzco-Lopez re-entered the garage, pulled the Honda out, and left the area followed by surveillance units.

17.    California Highway Patrol ("CHP") stopped the Honda traveling East on Interstate 10 in Hargrave, California, for speeding and following too closely.

18.    During the traffic stop, the CHP officer observed that Verduzco-Lopez was visibly nervous and shaking.  Verduzco-Lopez first stated that he went to Los Angeles for the day after crossing over from Mexicali.  He then changed his story, stating he only went to Fontana, California.  The CHP officer then asked Verduzco-Lopez to step out of the Honda, and Verduzco-Lopez exited the vehicle.

19.    While outside the Honda, Verduzco-Lopez's cheeks and face were twitching uncontrollably.  Verduzco-Lopez stated that he traveled to addresses in Fontana, California to go to two yard sales, but that he had not found what he was looking for, and that he had been looking for a pressure washer for his carwash business of six years.  When asked how he was going to take the pressure washer home in his car, Verduzco-Lopez stated that it would be a

small pressure washer.  When asked if he had a business card for his carwash, Verduzco-Lopez replied that he did not.

20.     The CHP officer then gave Verduzco-Lopez a verbal warning for the moving violations and returned his license and paperwork.  After Verduzco-Lopez turned around and walked back to the Honda, the CHP officer asked if he could speak to Verduzco-Lopez further, at which point Verduzco-Lopez turned around and walked backs towards the CHP officer.

21.     When the CHP officer asked for consent to search the Honda, Verduzco-Lopez provided verbal and written consent.  The CHP officer then allowed his narcotics detection K9, "Ranger," to sniff the exterior of the Honda. Ranger did not alert to the exterior of the vehicle, but after the CHP officer observed several loose interior trim covers within the Honda—a 2016 two-door model—he allowed Ranger to sniff the interior of the vehicle.  Ranger, through a distinctive set of behaviors, alerted that he detected a controlled substance at the bottom of the left interior rear side liner, also known as, an interior quarter panel cover, and the top of the right interior rear side liner, also known as, an interior quarter panel cover, of the Honda.

22.     K-9 Ranger was certified in narcotics detection in or about September 2011 after successfully completing a 12-week course in the detection of marijuana, cocaine, heroin, and methamphetamine given by the CHP in Sacramento, California

23.     Ranger has been re-certified yearly since 2011.  Ranger trains weekly and attends the monthly maintenance training days with the CHP.

24.     Among other things, Ranger is trained to distinguish between uncirculated currency and currency that was recently commingled with one of the four controlled substances Ranger is trained to detect.

25.     After Ranger alerted to the quarter panels, the CHP officer opened the interior rear side liners, also known as, the interior quarter panel covers, and felt multiple wrapped bundles of United States currency within the Honda's factory voids.  The CHP officer then arrested Verduzco-Lopez and requested a tow of the Honda.

26.     After the Honda was towed from the scene of the traffic stop to a police impound in the city of Banning, California, a search was conducted and within the vehicle's factory voids, law enforcement officers located forty-eight bundles of United States currency.

27.     After the forty-eight bundles of United States currency were seized, an official count determined that the bundles amounted to $1,079,000.  All of the bundles were found to be wrapped in fabric softener sheets and packaged inside of vacuum-sealed plastic bags.[1]  Also inside the sealed plastic bags were four pages of handwritten accounting notes.

28.     Verduzco-Lopez had no explanation for the cash hidden in his vehicle, indicated it was not his, and signed a disclaimer of ownership of assets and waiver of right to notice of seizure form in Spanish.[2]

---

[1] Drug traffickers often vacuum-seal currency and use masking agents, such as dryer sheets, in an effort to avoid detection by narcotics detection K9s.

[2] Although Verduzco-Lopez told CHP that his English was good, he wanted the writing to be in Spanish.

29.     The disclaimer of ownership of assets and waiver of right to notice of seizure form that Verduzco-Lopez signed specifically read, "I hereby state that I am NOT the owner of the above-listed asset(s) and have no claim for its return to me."

30.     Verduzco-Lopez further stated that he owns a carwash, earning approximately $150 to $200 per week, and $14,000 per year.  Verduzco-Lopez further stated that he owns a small two-bedroom house in Mexicali where he lives with his girlfriend, who earns less money than he does, and two children. Verduzco-Lopez stated that his assets consist of two cars and approximately $2,000 in savings.  CHP then released Verduzco-Lopez from custody and Verduzco-Lopez left the area in the Honda.

## IV.  CLAIM FOR FORFEITURE

31.     The allegations contained in paragraphs 1 through 30 of this Complaint are incorporated herein and made part hereof.

32.     As a result of the foregoing, the Defendant in rem is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because the Defendant in rem constitutes money furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to an exchange of moneys or other things of value furnished in exchange for a controlled substance in violation of violation of Title 21, Subchapter I, of the United States Code.

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the Defendant in rem

pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the Defendant in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the Defendant in rem; that the Defendant in rem be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Dated:  Newark, New Jersey
          August 15, 2019

                                        CRAIG CARPENITO
                                        United States Attorney


                                        *s/Peter W. Gaeta*
                                        By: PETER W. GAETA
                                        Assistant United States Attorney

## VERIFICATION

| STATE OF NEW JERSEY | ) | |
|---|---|---|
| COUNTY OF ESSEX | : | ss.: |
| DISTRICT OF NEW JERSEY | ) | |

DETECTIVE ERIK M. NOLTE, being duly sworn, deposes and says that he is a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws; that he has been deputized as a Special Federal Officer by the Federal Bureau of Investigation, and as such has responsibility for this action; that he has read the foregoing Complaint and knows the contents thereof; and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information on the grounds of his belief are official records and files of the Federal Bureau of Investigation, the State of California, and the United States Government, and information obtained directly by the deponent, and information obtained by other law enforcement officials, during an investigation of alleged violations of Title 21, United States Code.

Detective Erik M. Nolte
Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed before me
this 15th day of August, 2019
at Newark, New Jersey

Jaclyn N. Wyrwas
Attorney-at-Law of the State of New Jersey

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$1,079,000 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter W. Gaeta, Assistant U.S. Attorney
United States Attorney's Office, 970 Broad St., Suite 700
Newark, New Jersey 07102    Tel.: (973) 645-2927

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881
Brief description of cause:
Forfeiture of property related to controlled substances offenses

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  Peter G. Sheridan    DOCKET NUMBER  17-cr-452

DATE  08/15/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Peter W. Gaeta

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

CRAIG CARPENITO
UNITED STATES ATTORNEY
BY: PETER W. GAETA
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL: (973) 645-2927
FAX: (973) 297-2042
PETER.GAETA@USDOJ.GOV

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **Hon.** |
| **Plaintiff,** | **:** | **Civil Action No. 19-** |
| **v.** | **:** | |
| **$1,079,000 IN UNITED STATES CURRENCY,** | **:** | **WARRANT FOR ARREST _IN REM_** |
| | **:** | |
| **Defendant _in rem._** | | |

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, THE FEDERAL BUREAU OF INVESTIGATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture _in Rem_ has been filed on August 15, 2019 in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $1,079,000 in United States currency, is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal

Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.


Dated: _____                  _____
                                         Clerk of the Court



                             By:  _____
                                  Deputy Clerk

-2-